UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>THOMAS EUGENE MARTIN )<br>  a/k/a "TJ," )<br>         Defendant. )<br> ) | Crim. No. 4:05-cr-40023-FDS |

## JOINT FINAL STATUS REPORT

The United States of America and the defendant, Thomas Eugene Martin, a/k/a "TJ," by their respective undersigned counsel, submit this joint status report pursuant to Local Rule 116.5(C).

**1.     Local Rule 116.5(C)(1) – Outstanding Discovery Issues**

There are no outstanding discovery issues at this time.

**2.     Local Rule 116.5(C)(2) – Additional Discovery**

The government states that all Rule 16 and automatic discovery materials have been provided to defendant's counsel or made available for counsel's review. The government is aware of its continuing discovery obligation and will produce any further discovery to which the defendant is entitled immediately upon receipt thereof.

**3.     Local Rule 116.5(C)(3) – Insanity or Public Authority Defense**

The defendant does not anticipate raising either of these defenses.

**4.     Local Rule 116.5(C)(4) – Government Request for Notice of Alibi**

In its automatic discovery letter dated November 4, 2005, the government requested written notice of any intention to offer a defense of alibi for the crime charged

in the indictment. The defendant does not anticipate raising a defense of alibi.

### 5. **Local Rule 116.5(C)(5) – Motions**

On March 30, 2006, after the last conference in this case, this Court issued an Order Regarding Drug Testing, which directed the DEA laboratory used by the government to send a sample of the controlled substance at issue in this case to Rocky Mountain Instrumental Laboratories, Inc., which will conduct an independent analysis of the controlled substance for the defendant. The testing has not been done yet because we were waiting for the funds to be allowed. The funds were allowed on May 5, 2006. Defense counsel understands that this independent lab analysis will be completed by May 26, 2006. After reviewing the lab test results with the defendant, counsel will decide whether to file a motion under Local Rule 116.(C)(5).

### 6. **Local Rule 116.5(C)(6) – Scheduling Issues**

With the exception of a possible motion briefing schedule (see supra at ¶ 5), at this time, the parties are unaware of any matters other than trial that require scheduling.

### 7. **Local Rule 116.5(C)(7) – Early Resolution of Case**

The parties believe that it is too early to tell whether a trial will be needed in this matter.

### 8. **Local Rule 116.5(C)(8) – Speedy Trial Act**

The parties have conferred on the periods excludable from all Speedy Trial Act calculations and agree that the following periods are excludable:

    8/31/05              Initial Appearance
    8/31/05 - 9/16/05    Excluded under 18 U.S.C. §3161(h)(1)(F)

9/16/05 - 10/14/05   Order on Excludable Time (9/16/05)

9/30/05 - 12/5/05    Order on Excludable Time (10/31/05)

12/5/05 - 1/5/06     Order on Excludable Time (12/5/06)

1/5/06 – 2/8/06      Order on Excludable Time (1/6/06)

2/8/06 - 3/30/06     Order on Excludable Time (2/22/06)

3/30/06 - 5/15/06    Order on Excludable Time (3/30/06)

Accordingly, as of the Final Status Conference on May 15, 2006, zero (0) days will have been counted and 70 days will remain under the Speedy Trial Act.

**9.    Local Rule 116.5(C)(9) – Anticipated Trial**

The parties anticipate that a trial of this matter would last approximately four (4) days.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:        */s/ Lisa M. Asiaf*
LISA M. ASIAF
Assistant U.S. Attorney
One Courthouse Way
Boston, MA
(617) 748-3268


COUNSEL FOR THOMAS EUGENE MARTIN,


  */s/ Daniel J. Bennet*

DANIEL J. BENNET, ESQ.
Torney, Mahoney, Diamond & Bennet
15 Foster Street
Quincy, MA 02169

(617) 770-0000

DATED:   May 15, 2006