UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>THOMAS MARTIN, )<br>    Defendant )<br>) | Docket No. 4:05-cr-40023 |

**MEMORANDUM IN SUPPORT OF MOTION FOR REDUCTION IN
SENTENCE DUE TO GOVERNMENT SENTENCING MANIPULATION**

STATEMENT OF FACTS

Thomas Martin admits he distributed the amount of base cocaine that is alleged in the Indictment, however, he alleges but for the Government's coercion he would not have converted the powder cocaine to base. The defendant requests a hearing so that evidence can be presented with regard to sentencing factor manipulation.

ARGUMENT

"The sentencing guidelines, by their very nature, may afford the opportunity for sentencing factor manipulation, particularly in sting operations." *United States v. Connell*, 960 F.2d 191, 196 (1st Cir. 1992). The sentencing factor manipulation doctrine requires the sentencing court "to consider whether the manipulation inherent in a sting operation, even if insufficiently oppressive to support an entrapment defense must sometimes be filtered out of the sentencing calculus." *Id*. at 194 (internal citations omitted). Where, as here, "exploitative manipulation of sentencing factors by government agents overbear the will of a person predisposed only to committing a lesser crime," the sentencing court should "deal with the situation either by excluding the tainted transaction from the computation of relevant conduct or by departing from

the [guideline sentencing range]." *Id*. Properly applied, the doctrine prevents the government from "improperly enlarging the scope or scale of the crime" in order to increase a defendant's sentence, *United States v. Montoya*, 62 F.3d 1, 3 (1st Cir. 1995), and is necessary to safeguard against the opportunities that the sentencing guidelines pose for prosecutors and government agents to "gerrymander the district courts' sentencing options." *Connell*, 960 F.2d at 194. Ordinarily, the doctrine requires the defendant to prove that the government engaged in "extraordinary misconduct." *Gibbens*, 25 F.3d at 31. In the present case, the defendant was only predisposed to selling powder cocaine. It was at the assistance of the Government's Informant that the defendant converted the powder cocaine to base. This was done solely to manipulate the sentencing guidelines.

This present case is much like *Montoya* as in only one purchase was made from the defendant. And as a result, the evidence that he was predisposed to sell base cocaine is very weak. Because the applicability of sentencing factor manipulation depends upon facts that may vary considerably from case to case, this Court has declined to create detailed rules limning its parameters. *See Gibbens*, 25 F.3d at 31. The Court has, however, focused in various sentencing factor manipulation cases on whether, why, how and to what degree the conduct of government agents "enlarged or prolonged the criminal conduct in question." *Montoya*, 62 F.3d at 4; *see United States v. Brewster*, 1 F.3d 51, 55 (1st Cir. 1993) (suggesting that sentencing factor manipulation would exist "where, late in the day an undercover agent deliberately raised the sentencing stakes in order to obtain a stiffer sentence for a criminal he was poised to arrest"). Examples of government misconduct include selling drugs at "below market" prices in a reverse sting, encouraging a defendant to engage in additional drug transactions despite already having enough evidence to convict, and engaging in transactions involving a quantity of drugs much

larger than that previously purchased by a defendant.  *Cf. Montoya*, 62 F.3d at 4.

                                                Respectfully Submitted,
                                                Thomas Martin
                                                By his Attorney,

Dated: September 28, 2006                /S/ Daniel J. Bennett
                                                Daniel J. Bennett, B.B.O. 564059
                                                Torney, Mahoney, Diamond & Bennett
                                                15 Foster Street
                                                Quincy, MA  02169
                                                (617) 770-0000