UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| V. | ) | 05-CR-40023-FDS |
| | ) | |
| THOMAS EUGENE MARTIN | ) | |

**DEFENDANT THOMAS EUGENE MARTIN'S**
**MOTION TO CONTINUE SENTENCING**

Now comes THOMAS EUGENE MARTIN, by his attorney, and requests that this Court continue the sentencing hearing in this matter, currently scheduled for July 13, 2007 at 3:00 p.m., to a date after November 1, 2007 that is convenient to the calendar of this Court and to counsel for the parties.

As grounds for this request, defendant states as follows:

1. Defendant is charged with distribution of cocaine base.

2. As this Court well knows, the United States Sentencing Commission has recently taken action to address sentencing disparities resulting from federal cocaine sentencing policies. At its April 18, 2007 public meeting, the Commission voted to promulgate an amendment that modifies the penalties for crack cocaine offenses. The Amendment will reduce crack penalties by two (2) points[1]. As this amendment does not go into effect until November 1, 2007, defendant respectfully requests that his sentencing hearing be continued until after the effective date of the amendment.

3. Defendant is concerned that if he is sentenced prior to November 1, 2007, he will not be eligible for the benefit of the "crack amendment;" therefore, Mr. Martin requests that he be sentenced after the amendment becomes effective on November 1, 2007.

4. Additionally, the Supreme Court recently granted cert in Kimbrough v. United States, Case number 06-6330, a case in which the Fourth Circuit reversed the defendant's below range sentence, holding that "a sentence that is outside the guideline range is

---

[1] Mr. Martin is aware of the fact that there is a five (5) year mandatory minimum sentence associated with the charges of which he has been convicted. Given the potential penalties should this Court find that Mr. Martin is a career offender, however, the Guideline Sentencing Range is still significant to the outcome of Mr. Martin's case.

      per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." United States v. Kimbrough, 174 Fed. Appx. 798 (4th Cir. 2006).

5.      Counsel for the defendant has attempted to consult with the attorney for the Government, but has been unable to reach her.

**WHEREFORE**, defendant respectfully requests that this sentencing be continued until a time convenient to the Court and counsel for the parties after November 1, 2007.

      Respectfully submitted,
**THOMAS EUGENE MARTIN,**
By his attorneys,

/s Christie M. Charles
_____
George F. Gormley (204140)
Christie M. Charles (646995)
***George F. Gormley, P.C.***
755 East Broadway
South Boston, MA 02127
(617) 268-2999

**Dated**:      June 29, 2007

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 29, 2007.

/s Christie M. Charles
_____
Christie M. Charles