**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                )
UNITED STATES OF AMERICA          )
                                                )
            v.                                 )   Crim. No.  4:05-cr-40023-FDS
                                                )
THOMAS EUGENE MARTIN           )
            a/k/a "TJ,"                       )
                            Defendant.    )
_____)

**GOVERNMENT'S SENTENCING MEMORANDUM**
**OR, IN THE ALTERNATIVE, MOTION TO CONTINUE SENTENCING HEARING**

The United States of America (the "government") submits this memorandum in connection with the upcoming sentencing hearing in this matter, which is currently scheduled to take place on Friday, November 9, 2007.  As discussed below, the government agrees with Probation's position in the Presentence Report (the "PSR") that the defendant, Thomas Eugene Martin ("Martin"), qualifies as a career offender under the U.S. Sentencing Guidelines (the "Guidelines" or "USSG"), based on the following two predicate offenses:

>    (1)    April 6, 2001 conviction for three firearm charges, including (a) assault with a dangerous weapon, to wit, a handgun, (b) possession of a firearm without an FID card, and (c) possession of a firearm with a defaced serial number, in Fitchburg District Court Docket No. 0016CR1193A-C; and

>    (2)    September 11, 2003 conviction for resisting arrest in Fitchburg District Court Docket No. 0316CR1540.

See PSR at ¶¶ 59, 60, 63.  The defendant, however, objects to the application of the career offender guidelines, arguing that his September 2003 conviction for resisting arrest does not qualify as a predicate thereunder because it is not a "felony" "punishable by imprisonment for a term exceeding one year," but, instead, is a misdemeanor punishable by imprisonment in a <u>jail or house of correction</u> for up to 2.5 years.  See Deft's Sent'g Memo. at 4 (emphasis in original).

This Honorable Court has already decided this precise sentencing issue, concluding that a conviction for resisting arrest does, in fact, qualify as a predicate offense for purposes of the career offender guidelines. See United States v. Miguel Almenas, Docket No. 05-40017-FDS (Saylor, J.). The defendant in that matter, Miguel Almenas, appealed that ruling in United States v. Almenas, Appeal No. 06-2516 (1st Cir.). The First Circuit heard oral argument on this issue on October 4, 2007, and currently has the question under advisement. The government expects that the First Circuit will resolve this issue within the next 1 - 3 months.

In light of the above, it is the government's position that an evidentiary sentencing hearing is not necessary to resolve Martin's objection to the amount of crack cocaine that should be attributed to him. Instead, based on this Court's prior ruling in Almenas (and the body of case law in support of that ruling), the career offender guidelines, which yield a GSR of **188 – 235 months** of imprisonment, clearly apply. Martin's position that he is accountable for only 10.9 grams of crack cocaine (yielding a GSR of **57-71 months**), not 32.7 grams of crack cocaine (yielding a GSR of **70-87 months**), is therefore moot. See PSR Add. at 31 (describing defendant's objection to drug weight as "academic" if Court agrees with Probation's position that career offender provisions apply). Although the government is capable of proving by a preponderance of the evidence that the higher drug weight would, in fact, apply if the career offender provisions were not applicable, an evidentiary hearing should not be held in the interest of efficiency and productiveness. Instead, the government moves this Honorable Court to either (1) sentence Martin under the career offender guidelines based on its prior ruling in Almenas or (2) continue the sentencing hearing currently set for November 9, 2007, until the First Circuit resolves the Almenas appeal (which the government expects will take place within the next 1 - 3 months). Either way, the defendant will not be prejudiced:

- if he is sentenced as a career offender on November 9th and the First Circuit reverses the Almenas sentence, Martin can return for re-sentencing, at which time the drug weight issue will become relevant and can be addressed via an evidentiary hearing; or
- if the Court continues the November 9th sentencing until the First Circuit resolves the Almenas appeal, the hearing can proceed accordingly at that time with no prejudice to Martin, who was arrested on August 30, 2005, and who concedes that at minimum, he faces a 5-year mandatory minimum sentence under 21 U.S.C. § 841.

The government's sentencing recommendation based on the career offender provisions is set forth below.

   1.   **BACKGROUND**

      A.   **Offense of Conviction**

On November 22, 2006, Martin pleaded guilty to one count of distribution of cocaine base, also known as crack cocaine, in violation of 18 U.S.C. § 841(a)(1). As more thoroughly set forth in the PSR at ¶¶ 8 - 17, on March 2, 2005, Martin sold 10.9 grams of crack cocaine to an undercover agent working for the U.S. Drug Enforcement Administration ("DEA"). This offense carries the following statutory penalties: a term of imprisonment of at least 5 years up to 40 years; a term of supervised release of four years; a fine of up to $250,000, and a special assessment of $100.

      B.   **Relevant Conduct**

During the weeks following the March 2nd controlled buy, the undercover DEA agent (the "UC") attempted to complete a second crack cocaine transaction with Martin. Between March 8,

2005 and April 21, 2005, the UC and Martin had several telephone discussions regarding crack cocaine, some of which were recorded. Although a second transaction was never actually completed, Martin did agree to provide additional crack cocaine to the UC during their telephone conversations, including an agreement made on March 14-15, 2005, to provide one ounce (approximately 28 grams) of crack to the UC in exchange for $1,200. Based on this agreement, Probation has attributed an additional 21.5 grams of crack cocaine to Martin based on an estimated drug weight calculated by doubling the 10.9 grams provided by Martin during the first deal (which contemplated one-half ounce of crack cocaine for $550). Accordingly, if the career offender provisions had <u>not</u> applied, Martin's GSR would have been either **57-71 months** (based on a Total Offense Level ("TOL") of 25 and a Criminal History Category ("CHC") of III) or **46-57 months** (based on a TOL of 23 and a CHC of III if the new two-level reduction under the proposed new crack guidelines becomes effective on November 1, 2007).

### C.    Defendant's Criminal Record / Career Offender

As noted above, however, the career offender guidelines under USSG § 4B1.1 do, in fact, apply here. Martin has "at least two prior felony convictions of either a crime of violence or a controlled substance offense" within the meaning of § 4B1.1. Martin does not dispute that his April 2001 conviction for assault with a dangerous weapon (handgun) and related firearms charges qualifies as a predicate conviction for purposes of the career offender guidelines. He objects, however, to Probation's determination that his September 2003 conviction for resisting arrest qualifies as a second predicate offense under § 4B1.1. <u>See</u> Deft's Sent'g Memo. at 4.

Martin's objection is not supported by either the Guidelines or applicable case law. First, Application Note 1 of § 4B1.2 specifically provides:

> "Prior felony conviction" means a prior adult federal or state
> conviction for an offense punishable by death or imprisonment for
> a term exceeding one year, <u>regardless of whether such offense is</u>

4

<u>specifically designated as a felony and regardless of the actual
sentence imposed</u>.

USSG § 4B1.2, Applic. N. 1 (emphasis added).  Massachusetts punishes resisting arrest by up to 2.5 years in a jail or house of correction.[1]  <u>See</u> Mass. Gen. Laws ch. 268, § 32B(d).  As Massachusetts punishes resisting arrest by a maximum term of imprisonment exceeding one year, it is a felony for career offender guideline purposes.  <u>See</u> <u>United States v. Person</u>, 377 F.Supp.2d. 308, 310 (D. Mass. 2005) (Ponsor, J.) (concluding that resisting arrest conviction constituted crime of violence for purposes of career offender guidelines); <u>United States v. Almenas</u>, Crim. No. 05-40017-FDS at Docket Entry 31 (finding, in the Statement of Reasons in support of judgment, that "[d]efendant qualified as a career offender under § 4B1.1 with only two predicate offenses, one of which was a resisting arrest charge for which he paid a $100 fine").[2]

This Court should also reject Martin's argument that his conviction for resisting arrest is

---

[1] As Martin correctly notes, resisting arrest under Massachusetts law, which is not punishable by state prison time, is a state law misdemeanor.  Mass. Gen. Laws ch. 274, §1.  That is irrelevant, however, to the issue before this Court, as the guidelines provide a bright-line definition for the term "felony," regardless of distinctions drawn by various states, and a Massachusetts conviction for resisting arrest falls easily within the guideline definition of a felony offense.

[2] The crime of resisting arrest under Massachusetts law also meets the definition of a "crime of violence" within the meaning of the career offender guidelines.  <u>See</u> USSG § 4B1.2(a) (defining "crime of violence"); Mass. Gen. Laws, ch. 268, § 34B.  This determination is made as a matter of law based on the statute of conviction, without regard to the underlying facts.  <u>See</u> <u>United States v. Estevez</u>, 419 F.3d 77, 82 (1st Cir. 2005) (agreeing that categorical approach forecloses reliance on police report to determine if prior conviction qualifies as career offender predicate), <u>cert. denied</u>, 126 S.Ct. 7380 (2006); <u>United States v. DeJesus</u>, 984 F.2d 21, 23 (1st Cir. 1993) (noting categorical approach is best method to determine whether felony constitutes targeted crime within meaning of provision); <u>United States v. Fiore</u>, 983 F.2d 1, 3, n.2 (1st Cir. 1992); <u>United States v. Hollis</u>, 447 F.3d 1053 (8th Cir. 2006) (affirming determination that Missouri conviction for resisting arrest was crime of violence under USSG).

not countable under the career offender guidelines. According to Martin, he should not receive any criminal history points for his 2003 conviction because the criteria in § 4A1.2(c)(1) are not satisfied. See Deft's Sent'g Memo. at 5. This argument, however, fails in light of the plain language of § 4A1.2(c). That section provides that "[s]entences for all felony offenses are counted." USSG §4A1.2(c) (emphasis added). It further provides that "[s]entences for misdemeanor and petty offenses are counted except as follows: ....," then lists "misdemeanor and petty offenses," including resisting arrest, that are excluded unless a sentence of one year probation or 30 or more days of imprisonment was imposed, or unless the prior offense was similar to an instant offense. Id. Thus, the guidelines provide that resisting arrest, if a felony, is counted as a prior sentence, but if resisting arrest is a misdemeanor or petty offense, it is counted only if a particular sentence (not imposed on Martin) was imposed, or the prior offense was similar to an instant offense (also not applicable here). As discussed above, the Massachusetts crime of resisting arrest is a felony, rendering the language upon which Martin relies entirely irrelevant.

### 2. APPLICABLE GSR

In light of the above, the government agrees with Probation's determination that the career offender guidelines apply, yielding an applicable GSR of **188 – 235 months**. This GSR is based on the following Guidelines calculation:

- BOL = 34 (based on § 4B1.1 assigning BOL of 34 where statutory max is 40 yrs)
- AOL = 31 (based on three level adjustment under §3E1.1 for acceptance of resp.)
- TOL = 31
- CHC = VI (based on § 4B1.1(b) assigning CHC VI to career offenders)
- GSR = 188 - 235 months imprisonment (based on Sentencing Table)

### 3. GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends a sentence of 188 months imprisonment (low end of GSR); four years of supervised release; a fine of $15,000 (low end of GSR) unless the Court determines that Martin is unable to pay a fine; and a special assessment of $100. In support of this recommendation, the government states as follows:

#### A. The Factors in 18 U.S.C. § 3553(a) Support a Guidelines Sentence

A sentence at the low end of the GSR of 188 - 235 months imprisonment is supported by the factors set forth in 18 U.S.C. § 3553(a). First, Section 3553(a)(1) requires consideration of the nature and circumstances of the offense of conviction, as well as the history and characteristics of the defendant. Here, Martin voluntarily engaged in the sale of an amount of crack cocaine that was significant enough to invoke the five-year mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(B). Although Martin objects to any drug weight beyond 10.9 grams of crack cocaine, he admitted under oath that he voluntarily and willingly sold 10.9 grams of crack to the UC on March 2, 2005. He did so without any regard to the intensely addictive nature of the drug or the damage that it would cause to the ultimate end-user(s). See, e.g., United States v. D'Anjou, 16 F.3d 604, 613 (4th Cir. 1994) (noting "[d]rug use, and the use of crack in particular, has become a pervasive, destructive force in American society").

With respect to the history and characteristics of the defendant, the government notes that Martin has been engaged in criminal activity since the age of at least 17 years. See PSR at ¶ 55. The government also notes the violent nature of several of Martin's past convictions. See PSR at ¶ 55 (describing incident in which Martin grabbed phone from his mother and threatened that he would "f— her up" if she called the police); PSR at ¶ 59 (noting Martin threatened and assaulted two individuals with a handgun); PSR at ¶ 60 (describing Martin's actions of pushing and

shoving police officers while resisting arrest).

In the government's view, a GSR sentence would further the purposes of sentencing set forth in § 3553(a)(2), including protecting the public from further crimes by Martin, providing Martin with necessary mental health and anger management treatment, promoting respect for the law, providing just punishment for the offense of conviction, and affording adequate general and specific deterrence. See 18 U.S.C. 3553(a)(2). The government also notes that a GSR sentence would comport with the provisions of § 3553(a)(4), see United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006) (noting GSR still carries substantial weight post-Booker), cert. denied, 127 S.Ct. 928 (2007), and § 3553(a)(6) (setting forth need to avoid unwarranted sentence disparities among defendants with similar records who engaged in similar conduct).

### B.   Defendant's Request for a Downward Departure Under § 4A1.3

In response to the defendant's request for a downward departure under USSG § 4A1.3, the government simply notes that such a departure is not required in this case. Instead, Section 4A1.3(b)(1) provides that "a downward departure may be warranted" only "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(b)(1) (emphasis added). Even if this Court determines that Martin has provided such reliable information, the government notes that § 4A1.3(b)(3)(A) limits the extent of such a departure to one criminal history category. See § 4A1.3(b)(3)(A); see also United States v. Pyne, 151 Fed. Appx. 901, 906 (11th Cir. 2005). Such a departure would yield a GSR of 168 - 210 months of imprisonment (based on TOL 31 and CHC V).

### 4.   CONCLUSION

For all of the foregoing reasons, the government respectfully recommends application of

the career offender provisions and imposition of the following sentence: a term of imprisonment of 188 months (low end of GSR); four years of supervised release; a fine of $15,000 (low end of GSR) unless the Court determines that Martin is unable to pay a fine; and a special assessment of $100. As noted above, the government does not believe that an evidentiary hearing is necessary in this matter on November 9, 2007, because the GSR based on the career offender provisions renders any other calculation under the crack cocaine guidelines moot. The government also notes, however, that it has no objection to a continuance of the sentencing hearing until the First Circuit rules on the main sentencing issue raised by the defendant – *i.e.*, whether a conviction for resisting arrest under Massachusetts law qualifies as a predicate conviction for purposes of the career offender guidelines – which is currently under advisement by the First Circuit in United States v. Almenas, Appeal No. 06-2516 (1st Cir.). As noted above, the First Circuit heard oral argument on this issue on October 4, 2007, and the government expects that a decision will be issued within the next 1 - 3 months.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:     */s/ Lisa M. Asiaf*
          LISA M. ASIAF

Dated: October 29, 2007         Assistant U.S. Attorney
          Tel: (617) 748-3268

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 29, 2007.

                                                      */s/ Lisa M. Asiaf*
                                                      LISA M. ASIAF
                                                      ASSISTANT UNITED STATES ATTORNEY